Patrick R. Leverty, Esq., NV Bar No. 8840
LEVERTY & ASSOCIATES LAW CHTD.
832 Willow Street
Reno, NV 89502
Telephone: (775) 322-6636
*Attorneys for Ram Challapalli*
*and Sridevi Challapalli*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RAM CHALLAPALLI, an individual, and SRIDEVI CHALLAPALLI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY; DOES I through X; and ABC CORPORATIONS, et al.<br><br>Defendants | Case No.: 3:25-cv-00422-ART-CSD<br><br>JOINT CASE MANAGEMENT REPORT |

Plaintiffs Ram Challapalli and Sridevi Challapalli ("Plaintiffs") and Defendant State Farm Fire and Casualty Company ("State Farm"), by and through counsel, hereby file the following JOINT CASE MANAGEMENT REPORT.

1. **A SHORT STATEMENT OF THE NATURE OF THE CASE, INCLUDING A DESCRIPTION EACH CLAIM AND DEFENSE**

   A. **Nature of Case**

   This is an insurance bad faith filed by Plaintiffs against their insurance company, State Farm. On or about December 6, 2024, Plaintiffs experienced a water loss. Plaintiffs reported the claim to State Farm. Plaintiffs' plumber determined the water loss was caused by a sudden break in the shower pan. On February 14, 2025, State Farm denied the claim asserting the loss was due to continuous and/or repeated seepage or leakage. Plaintiffs disagree with the denial.

   B. **Claims Asserted**

   Plaintiffs asserted three claims: (1) Breach of Insurance Contract, (2) Breach of the Duty of Good Faith and Fair Dealing, and (3) Statutory Bad Faith – Breach of Nevada's Unfair Trade Practices.



1

### C.    Defenses

State Farm asserted the following affirmative defenses: (1) Plaintiffs' Complaint, and each and every cause of action contained therein, fails to state a cause of action which relief can be granted; (2) Defendant State Farm has satisfied any and all duties owed to Plaintiffs under the terms of the insurance agreement that was created into with Plaintiff; (3) Defendant State Farm alleges Plaintiffs have no grounds to bring this suit under the terms of the relevant Policy; (4) The damages allegedly sustained by Plaintiffs, if any, were not caused by any breach of contract or duty by Defendant State Farm, but rather by the acts or omissions of third persons who were not acting on behalf of Defendant State Farm; (5) Defendant State Farm has not breached any contract; (6) Defendant State Farm substantially performed under the contract; (7) Defendant State Farm was justified in its failure to perform, if any; (8) Defendant State Farm at all times herein acted reasonably and in good faith in discharging its obligations and duties, if any; (9) Coverage under the applicable policy of insurance is subject to all terms, conditions, provisions, definitions, limitations, exclusions and endorsements of such policy. Plaintiffs' claim is barred, excluded, restricted, and/or limited accordingly; (10) Defendant State Farm is not subject to punitive damages based on the allegations in Plaintiffs' Complaint; (11) Defendant State Farm is entitled to assert any applicable offsets permitted by contract or law, if any, against the total amount of damages awarded to Plaintiff by a jury for damages allegedly sustained in this action; (12) Defendant State Farm has acted reasonably and in good faith under the circumstances known to Defendant State Farm and continues to do so; (13) Plaintiffs lack legal entitlements to assert a bad faith claim as contemplated by the Nevada Supreme Court in *Pemberton v. Farmers Insurance Exchange*, 109 Nev. 789, 8 P.2d 380 (193); (14) the facts alleged by Plaintiffs are insufficient to support a claim for punitive damages, and any such claim for punitive damages is limited or prohibited by Nevada law and by the Constitution of the United States; (15) Defendant State Farm is informed and believes and based thereon alleges that Plaintiffs cannot recover any amount for punitive damages alleged in the Complaint because NRS 42.005, pursuant to which punitive damages are sought, is void for vagueness, constitutes an unconstitutional penalty, violates specific State and Federal constitutional rights to procedural and substantive due process and equal protection under the laws thus exposing Defendant State Farm to punishment more than



2

once for the same alleged offense, violates the excessive fines clause of the Eighth Amendment of the United States Constitution, gives the finder of fact unlimited discretion in imposing damages, and violates Defendant State Farm's rights to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution; (16) The standard for punitive damages fails to comply with the procedural and substantive requirements for punitive damages set forth in State Farm Mutual Automobile Ins. Co. V. Campbell (2003) 538 U.S. 408 in that it lacks sufficiently objective criteria and procedural safeguards to give a jury adequate guidance on an appropriate range of proportionality for punitive damages; (17) Defendant incorporates by reference those affirmative defenses enumerated in F.R.C.P. 8 as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of Court to amend this Answer to specifically assert any such defenses. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense; and (18) Pursuant to F.R.C.P. 11, as amended, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry, therefore, Defendant reserves the right to amend its Answer to allege additional affirmative defenses if subsequent investigation warrants.

**2.    JURISDICTIONAL BASIS FOR THE CASE**

Defendant State Farm case was removed from the state court based on diversity jurisdiction, specifically 28 U.S.C. §1332 and 28 U.S.C. §1441(b). Plaintiff is a resident of the State of Nevada. Defendant is an Illinois corporation with its principal place of business in Illinois.

In the petition for removal, Defendant State Farm contends the amount in controversy as being in excess of $75,000 (Doc. 1 at 3:2-5)

**3.    WHETHER ANY PARTY EXPECTS TO ADD ADDITIONAL PARTIES OR TO OTHERWISE AMEND THE PLEADINGS.**

At this time, it is not anticipated that other parties will be added to the case or that the pleadings will be amended.

**4.    WHETHER THERE ARE ANY PENDING MOTIONS, INCLUDING A BRIEF DESCRIPTION OF THOSE MOTIONS**

At this time, there are no pending motions.

**5.    WHETHER THIS CASE IS RELATED TO ANY OTHER CASE PENDING BEFORE THIS OR ANY OTHER COURT, INCLUDING A BANKRUPTCY COURT, AND, IF SO, PROVIDE A BRIEF DESCRIPTION OF THE STATUS OF THOSE CASE(S).**

There are no known related cases pending in any other court.

**6.    A COMPLETE AND DETAILED STATEMENT RELATED TO DISCOVERY**

**A.  Date the Rule 26(f) initial disclosures were provided**

**1.    Plaintiffs:** Plaintiffs will make initial disclosures on or before September 2, 2025.

**2.    Defendant:** Defendant's disclosures will be made on or before September 2, 2025.

**B.    A brief statement regarding what discovery requests have been served by any party, who the requests were served upon, and the due dates for responses to those requests.**

No discovery has been made at this time.

**C.    Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information**

State Farm claims some of its documents are trade secrets; therefore, it is likely that a protective order regarding certain commercial information may need to be entered. Counsel for the parties have worked together before and have previously approved protective orders that would be the basis for any stipulated protective order.

**D.    Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery**

None.

**E.    Whether the parties anticipate the need to take discovery outside of the District of Nevada or the United States, and, if so, a description of the proposed discovery**

It is likely certain percipient witnesses from Defendant, as well as Fed. R. Civ. Proc. 30(b)(6) witnesses for Defendant, are located outside the State of Nevada, and would need to be deposed from their respective locations.

Any experts who are not residents of the State of Nevada would need to be deposed in their respective locations.

It is anticipated that all witnesses who would be deposed reside within the United States.

**F.     A summary of the number of depositions each party anticipates taking, information related to the anticipated location of those depositions, and whether any party anticipates video and/or sound recording of depositions**

Plaintiff anticipates taking 1-2 percipient witness depositions, plus Fed. R. Civ. Proc. 30(b)(6) witness(es), as well as expert deposition(s).

Defendant anticipates taking the depositions of both Plaintiffs, as well as expert deposition(s).

**7.     A BRIEF STATEMENT REGARDING THE TYPES OF ESI EXPECTED IN THE CASE, WHERE THE ESI IS LOCATED, A STATEMENT OF ANY AGREEMENTS REACHED BY THE PARTIES RELATED TO ESI ON THE ISSUES LISTED ABOVE, AND ANY OUTSTANDING DISAGREEMENTS BETWEEN THE PARTIES RELATED TO ESI.**

The ESI at issue in this case would be the electronic claim file(s). At this time, the parties have agreed that production of the claim file(s) in PDF and other readily readable formats (such as .jpg or .tiff for images) is agreeable, with originals being retained in their original format in the unlikely event that an issue regarding ESI for that specific original document arises.

**8.     WHETHER A JURY TRIAL HAS BEEN REQUESTED, WHETHER THE REQUEST FOR JURY TRIAL IS CONTESTED (IF THE REQUEST IS CONTESTED, SET FORTH REASONS) AND AN ESTIMATED LENGTH FOR TRIAL**

Defendant has answered the complaint. On September ??, 2025, Plaintiff filed a jury demand. (Doc. 15). The parties anticipate the trial will take five (5) days.

**9.     A STATEMENT AS TO THE POSSIBILITY OF SETTLEMENT AND WHEN THE PARTIES DESIRE A COURT SPONSORED SETTLEMENT CONFERENCE, I.E. BEFORE FURTHER DISCOVERY, AFTER DISCOVERY, AFTER DISPOSITIVE MOTIONS, ETC.**

The parties discussed the potential for settlement. At this time, the parties believe any court sponsored settlement conference would be more productive after some discovery has occurred.

**10.    WHETHER THE PARTIES INTEND TO PROCEED BEFORE THE MAGISTRATE JUDGE**

The parties discussed the possibility of trial by the Magistrate Judge under 28 U.S.C. § 636(c) and Fed. R. Civ. Pro. 73 and agree this case is properly suited before the District Court.

**11.    WHETHER EITHER PARTY REQUESTS BIFURCATION OR PHASING OF TRIAL OR HAS ANY OTHER SUGGESTIONS FOR SHORTENING OR EXPEDITING DISCOVERY, PRE-TRIAL MOTIONS OR TRIAL.**

No.

**12.    WHETHER EITHER PARTY REQUESTS BIFURCATION OR PHASING OF TRIAL OR ANY OTHER SUGGESTION FOR SHORTENING OR EXPEDITING DISCOVRY, PRE-TRIAL MOTIONS OR TRIAL.**

The parties do not request bifurcation or phasing of trial.

IT IS SO AGREED.

DATED: September 9, 2025                    DATED: September 9, 2025

LEVERTY & ASSOCIATES LAW CHTD.        LEWIS BRISBOIS BISGAARD & SMITH

/S/ Patrick Leverty                          /S/ Francis Arenas
Patrick R. Leverty, Esq.                     Francis A. Arenas, Esq.
832 Willow Street                            6385 S. Rainbow Blvd., Suite 600
Reno, NV 89502                               Las Vegas, NV 89118
*Attorneys for Ram Challapalli*
*and Sridevi Challapalli*                    *Attorneys for Defendant*
                                             *State Farm Fire and Casualty Company.*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: September 9, 2025          .

1

### CERTIFICATE OF SERVICE

2      Pursuant to FRCP 5(b), I hereby certify under penalty of perjury that I am an employee of

3  Leverty & Associates Law, Chtd., and that service of the foregoing JOINT CASE

4  MANAGEMENT REPORT was made CM/ECF to all parties on the Service List including:

5

| |
|---|
| Robert Freeman, Jr., Esq.<br>Francis Arenas, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH<br>6385 S. Rainbow Blvd., Suite 600<br>Las Vegas, NV 89118<br>Telephone: 702/893-3383<br>Facsimile: 702/893-3789<br>Robert.freeman@lewisbrisbois.com<br>Francis.Arenas@lewisbrisbois.com<br>*Attorneys for Defendant*<br>*State Farm Fire and Casualty Company* |

6

7

8

9

10

11      DATED: September 9, 2025

12

13      _____

14      An Employee of Leverty & Associates Law Chtd.

15

16

17

18

19

20

21

22

23

24

25

26

27

28